UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, | Case No. 2:26-bk-01087-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5547 | |
| _____/ | |
| In re: | Chapter 11 |
| YESCARE CORP., | Case No. 2:26-bk-01089-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5961 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS TX, INC., | Case No. 2:26-bk-01090-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5886 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS AL, LLC, | Case No. 2:26-bk-01091-FMR |
| Debtor. | |
| Tax I.D. No. Ending 0801 | |
| _____/ | |

**DEBTORS' EXEDITED *EX PARTE* MOTION FOR ENTRY
OF AN ORDER: (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**

**Request for Expedited Consideration Without Necessity of Hearing**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**"), on an expedited and *ex parte* basis, for expedited entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to sections 105(a) and 342 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1015-1(b) and 9013-1, (i) directing the joint administration of these chapter 11 cases for procedural purposes only and (ii) granting related relief. In support of the Motion, the Debtors rely upon the *Declaration of David Goldwasser in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[1] filed concurrently herewith. In further support of this Motion, the Debtors respectfully state as follows:

## <u>JURISDICTION AND VENUE</u>

1.      The Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. These cases were appropriately filed in Fort Myers Division pursuant to Local Rule 1071-1(c).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 342, Bankruptcy Rule 1015(b), and Local Rules 1015-1(b) and 9013-1.

---

[1] Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

111030350.2

## BACKGROUND

4.      On the date hereof (the "**Petition Date**"), CHS FL, LLC (Case No. 2:26-bk-01087-FMR), YesCare Corp. (Case No. 2:26-bk-01089-FMR), CHS TX, Inc. (Case No. 2:26-bk-01090-FMR), CHS AL, LLC (Case No. 2:26-bk-01091-FMR), and each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division (the "**Court**"), commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

5.      Since the Petition Date, the Debtors continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      No trustee, examiner, or official committee of unsecured creditors has been appointed.

7.      Because each of the Debtors is a member of an affiliate group controlled by the same entity, each of the Debtors is an "affiliate" of the other Debtors as that term is defined under Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Additionally, the factual background regarding the Debtors and the events leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

8.      By this Motion, the Debtors request entry of the Proposed Order, substantially in the form of Exhibit A, directing joint administration of these Chapter 11 Cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015-1(b).

9.      Specifically, the Debtors respectfully request that the Court maintain one file and one docket for the jointly administered chapter 11 cases under the case of CHS FL, LLC, and that these Chapter 11 Cases be administered under a consolidated caption as follows:

111030350.2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                     Chapter 11

CHS FL, LLC, *et al.*,[1]                                   Case No. 2:26-bk-01087-FMR
                                                           *Jointly Administered*

            Debtors.

_____/

[1] The address of the Lead Debtor is 3347 Tamiami Trl E., Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) YesCare Corp. (5961); (iii) CHS TX, Inc. (5886); (iv) CHS AL, LLC (0801).

10.     The Debtors also respectfully request that a docket entry, substantially similar to the following, be entered on the docket of the Debtors other than CHS FL, LLC, to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States District Court for the Middle District of Florida, directing the procedural consolidation and joint administration of the Chapter 11 Cases of: CHS FL, LLC, CHS TX, LLC, CHS AL, LLC, and YesCare Corp. The docket of CHS FL, LLC, Case No. 2:26-bk-01087-FMR, should be consulted for all matters affecting these Chapter 11 Cases.

11.     The Debtors further respectfully request that the Court order that the foregoing caption satisfies the requirements set forth under Bankruptcy Code section 342(c)(1) and Local Rule 9004-1.

12.     The Debtors further seek authority, but not direction, to file the monthly operating reports as required by the U.S. Trustee Operating Guidelines on a consolidated basis; *provided, however*, that any income or disbursements will be listed on a debtor-by-debtor basis.

13.     Finally, the Debtors request that the Court permit the use of a combined service list and combined notices in these Chapter 11 Cases.

4

111030350.2

**BASIS FOR RELIEF**

14. Bankruptcy Rule 1015(b) provides that "if two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2). *See* 11 U.S.C. § 101(2). Moreover, Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. *See* Local Rule 1015-1. Accordingly, the Bankruptcy Code, Bankruptcy Rules, and Local Rules empower the Court to grant the relief requested in this Motion.

15. Joint administration will promote efficiency and will ease the administrative burden on the Court and all parties in interest. Because the Debtors' financial affairs and business operations are closely related, many of the motions, hearings, and orders in the bankruptcy proceedings will affect each of the Debtors. Joint administration will significantly reduce the volume of documents that otherwise would be filed with the Clerk of Court because it will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders. Joint administration will, therefore, render the completion of various administrative tasks less costly and will minimize the number of unnecessary delays. The relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the Middle District of Florida (the "**U.S. Trustee**").

16. Further, joint administration of these Chapter 11 Cases will not prejudice or adversely impact the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Each creditor may still file a claim against individual estates, as applicable. Moreover, all creditors will benefit from the reduced costs that will result from the joint administration of these Chapter 11 Cases.

111030350.2

17. Giving the foregoing, joint administration of these Chapter 11 Cases will not give rise to any conflict of interest among the estates and will allow for a more cost-effective and streamlined process throughout these Chapter 11 Cases.

18. For these reasons, the Debtors respectfully submit that the relief requested herein is in the best interest of the estates and will reduce administrative burdens on the Court and all parties in interest, and, therefore, should be granted.

## RESERVATION OF RIGHTS

19. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of the Debtors' right to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under Bankruptcy Code section 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' right to dispute such claim subsequently.

## NOTICE

20. Notice of this Motion will be provided to: (a) counsel to the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors on an aggregate basis; (c) (d) the United States Attorney's Office for the Southern District of Florida; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the Florida State Attorney General; (h) the United States Securities and Exchange Commission; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

21. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

111030350.2

## NO PRIOR REQUEST

22.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

**Dated**: May 8, 2026

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Michael R. Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com

-and-

**POLSINELLI PC**

Jeremy R. Johnson (*Pro Hac Vice* Pending)
Trinitee G. Green (*Pro Hac Vice* Pending)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
jeremy.johnson@polsinelli.com
tggreen@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

7

111030350.2

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, | Case No. 2:26-bk-01087-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5547 | |
| _____/ | |
| In re: | Chapter 11 |
| YESCARE CORP., | Case No. 2:26-bk-01089-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5961 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS TX, INC., | Case No. 2:26-bk-01090-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5886 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS AL, LLC, | Case No. 2:26-bk-01091-FMR |
| Debtor. | |
| Tax I.D. No. Ending 0801 | |
| _____/ | |

**ORDER GRANTING DEBTORS' EXEDITED *EX PARTE* MOTION
FOR ENTRY OF AN ORDER: (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**
**(Related Doc. No. ___)**

111030350.2

THIS MATTER having come before the Court upon the *Debtors' Expedited Ex Parte Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (Doc. No. __) (the "**Motion**").[1] This Court, having considered the Motion and the First Day Declaration, finding that (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the Constitution; (c) venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) notice of the Motion and the hearing thereon was sufficient under the circumstances; (e) the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; (f) all objections, if any, to the Motion have been withdrawn, resolved or overruled, or, alternatively, the movant by submitting this form of order having represented that the motion was served on all interested parties required by Local Rule 9013-1, that the response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion; and (g) this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, IT IS ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates

3. All pleadings in the Chapter 11 cases shall bear a consolidated caption as follows:

---

[1] All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

CHS FL, LLC, *et al.*,[1]                                 Case No. 2:26-bk-01087-FMR
                                                          *Jointly Administered*

          Debtors.

_____/

[1] The address of the Lead Debtor is 3347 Tamiami Trail E., Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) YesCare Corp. (5961) (iii) CHS TX, Inc. (5886); and (iv) CHS AL, LLC (0801).

4.      The foregoing caption satisfies the requirements of Bankruptcy Code section 342(c)(1) and Local Rule 9004-1.

5.      A docket entry shall be made in each of the above-captioned chapter 11 cases (except the chapter 11 case of East Ridge Retirement Village, Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States District Court for the Middle District of Florida, directing the procedural consolidation and joint administration of the Chapter 11 Cases of: CHS FL, LLC, YesCare Corp, CHS TX, LLC, and CHS AL, LLC. The docket of CHS FL, LLC, Case No. 2:26-bk-01087-FMR should be consulted for all matters affecting these Chapter 11 Cases.

6.      The Clerk of Court shall maintain one file and one docket for the Debtors' jointly administered chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of CHS FL, LLC, Case No. 2:26-bk-01087-FMR.

7.      The Debtors are authorized, but not directed, to file monthly operating reports on a consolidated basis, but the Debtors shall track and break out income and disbursements on a debtor-by-debtor basis.

8.     The requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) are hereby satisfied.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Attorney Michael R. Dal Lago is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of the order.

4