ORDERED.

**Dated:  May 08, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, | Case No. 2:26-bk-01087-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5547 | |
| _____/ | |
| In re: | Chapter 11 |
| YESCARE CORP., | Case No. 2:26-bk-01089-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5961 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS TX, INC., | Case No. 2:26-bk-01090-FMR |
| Debtor. | |
| Tax I.D. No. Ending 5886 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS AL, LLC, | Case No. 2:26-bk-01091-FMR |
| Debtor. | |
| Tax I.D. No. Ending 0801 | |
| _____/ | |

**ORDER GRANTING DEBTORS' EXEDITED *EX PARTE* MOTION
FOR ENTRY OF AN ORDER: (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**
**(Related Doc. No. 3)**

THIS MATTER having come before the Court upon the *Debtors' Expedited Ex Parte Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (Doc. No. 7) (the "**Motion**").[1] This Court, having considered the Motion and the First Day Declaration, finding that (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the Constitution; (c) venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) notice of the Motion and the hearing thereon was sufficient under the circumstances; (e) the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; (f) all objections, if any, to the Motion have been withdrawn, resolved or overruled, or, alternatively, the movant by submitting this form of order having represented that the motion was served on all interested parties required by Local Rule 9013-1, that the response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion; and (g) this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, IT IS ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates

3.      All pleadings in the Chapter 11 cases shall bear a consolidated caption as follows:

---

[1] All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

CHS FL, LLC, *et al.*,[1]                                 Case No. 2:26-bk-01087-FMR
                                                         *Jointly Administered*

           Debtors.

_____/

[1] The address of the Lead Debtor is 3347 Tamiami Trail E., Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) YesCare Corp. (5961) (iii) CHS TX, Inc. (5886); and (iv) CHS AL, LLC (0801).

4.     The foregoing caption satisfies the requirements of Bankruptcy Code section 342(c)(1) and Local Rule 9004-1.

5.     A docket entry shall be made in each of the above-captioned chapter 11 cases (except the chapter 11 case of East Ridge Retirement Village, Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States District Court for the Middle District of Florida, directing the procedural consolidation and joint administration of the Chapter 11 Cases of: CHS FL, LLC, YesCare Corp, CHS TX, LLC, and CHS AL, LLC. The docket of CHS FL, LLC, Case No. 2:26-bk-01087-FMR should be consulted for all matters affecting these Chapter 11 Cases.

6.     The Clerk of Court shall maintain one file and one docket for the Debtors' jointly administered chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of CHS FL, LLC, Case No. 2:26-bk-01087-FMR.

7.     The Debtors are authorized, but not directed, to file monthly operating reports on a consolidated basis, but the Debtors shall track and break out income and disbursements on a debtor-by-debtor basis.

8.      The requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) are hereby satisfied.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Attorney Michael R. Dal Lago is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of the order.

4